Edith CONLEY, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.

No. 1369, Docket 88–6096.

United States Court of Appeals, Second Circuit.

Argued Aug. 18, 1988.

Decided Oct. 13, 1988.

John S. Hogg, Hamilton, N.Y. for plaintiff-appellant.

Teena Berman, Asst. Regional Counsel, Region II, U.S. Dept. of Health & Human Servs., New York City (Frederick J. Scullin, Jr., U.S. Atty., N.D.N.Y., Syracuse, N.Y., Ronald E. Robertson, Gen. Counsel, Annette H. Blum, Chief Counsel, Region II, Barbara Lewis Spivak, Deputy Chief Counsel, Region II, U.S. Dept. of Health & Human Servs.), for defendant-appellee.

Before WINTER and MINER, Circuit Judges, BILLINGS,* District Judge.

MINER, Circuit Judge:

Edith Conley appeals from a judgment entered in the United States District Court for the Northern District of New York (Munson, Ch. J.), dismissing her action to review a final decision by the Secretary of Health & Human Services that terminated Conley's Social Security disability insurance benefits, and from an order of the same court denying her motion to vacate or modify the judgment. Conley's disability insurance benefits were terminated in December 1982 because the Secretary determined that she had demonstrated an ability to engage in "substantial gainful activity" in that month. On appeal, Conley asserts that the Secretary was required by his own regulations to determine "substantial gainful activity" based on an average of her earnings, rather than on her earnings in a single month. For the reasons that follow, we reverse with directions to remand for further proceedings before the Administrative Law Judge ("ALJ").

## BACKGROUND

Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433 (1982 & Supp. IV 1986), permits recipients of disability insurance benefits to retain their disabled status while they test their ability to work during a nine-month[1] "trial work period" that commences the month in which the recipient becomes entitled to benefits. *See id.* § 422(c). In 1980, Congress amended the Act to provide for a consecutive fifteen-month[2] period of extended eligibility (the "reentitlement period") to follow the nine-month trial work period. *See* 42 U.S.C. § 423(a) (1982). During the reentitlement period, recipients may continue to test their ability to work and are paid benefits, without reapplication or redetermination of disability, for those months in which they do not perform "substantial gainful activity." *See* S.Rep. No. 408, 96th Cong., 2d Sess. 51, *reprinted in* 1980 U.S.Code Cong. & Admin.News 1277, 1329. The Act does not define "substantial gainful activity," but requires the Secretary to prescribe by regulation "the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity." 42 U.S.C. § 423(d)(4). To this end, the Secretary has promulgated 20 C.F.R. §§ 404.1571–.1576 and 404.1592a, the regulations at issue here.

On May 23, 1977, Edith Conley filed an application for disability insurance benefits, pursuant to the Act, alleging multiple impairments as of February 11, 1977. On May 18, 1978, Conley was awarded disability insurance benefits effective February 11, 1977.

In September 1982, Conley submitted a Work Activity Report to the Social Security Administration ("SSA"), indicating that she had worked as a sales clerk from January to May 1978 and as a census taker in 1979 and 1980. On April 20, 1983, after conducting an investigation, the SSA determined that Conley still was disabled.

---

* Hon. Franklin S. Billings, Jr., United States District Judge for the District of Vermont, sitting by designation.

1. The nine months need not be consecutive, *see* 20 C.F.R. § 404.1592(e) (1988), and only months in which an individual performs services that result in earnings of more than $75.00 per month after 1978 are included in the trial work period, *id.* § 404.1592(b).

2. Congress has since amended the Act to provide for a 36-month reentitlement period effective January 1, 1988. *See* Pub.L. No. 100–203, 101 Stat. 1330–293 (1987); *see also* 42 U.S.C.A. § 423(a)(1) (West Supp.1988).

In June 1983, SSA again investigated Conley's work activity. Conley completed another Work Activity Report showing her continuous employment as a sales clerk since 1980, and Conley's employer, Howland's Department Store, reported her earnings from November 1980 through May 1983 to SSA. The investigation indicated that: 1) Conley had completed her trial work period in April 1980; 2) during her reentitlement period, she had performed substantial gainful activity from December 1980 through May 1981, in August 1981, and from October through December 1981; and 3) her next month of substantial gainful activity was December 1982. In January 1984, SSA notified Conley that unless she presented evidence to the contrary, it would determine that she had demonstrated her ability to engage in substantial gainful activity and that her benefits should have ceased in December 1982.

In January 1984, Conley submitted a third Work Activity Report indicating that she had been employed from November 1980 through September 1983. On January 23, 1984, a continuing disability interview was conducted. After reviewing the additional evidence, SSA confirmed the results of its recently concluded investigation and initially determined that Conley was entitled to benefits for June, July and September 1981, as well as for January 1982, because, having earned not more than $300 per month for each of those months of the reentitlement period, she had not performed substantial gainful activity for those months. Four weeks later, SSA informed Conley that because she had received benefits during the reentitlement period for months in which she had performed substantial gainful activity, she had received overpayments totalling $4,010.

On reconsideration, SSA determined that Conley's benefits should have terminated in December 1982 because of her ability to engage in substantial gainful activity. SSA also informed Conley that because her

benefits should have terminated in December 1982, she had received overpayments of $17,648.80. Conley thereafter requested a hearing before an ALJ. On January 18, 1984, after a hearing, the ALJ determined that: 1) Conley had completed her nine-month trial work period in November 1980; 2) Conley's fifteen-month reentitlement period had commenced in December 1980 and ended effective March 1982; 3) during her reentitlement period, Conley had engaged in substantial gainful activity from December 1980 through May 1981, in August 1981, and from October 1981 through December 1981; 4) December 1982 was the first month following her reentitlement period in which Conley had performed substantial gainful activity, because that was the first month in which she had earned more than $300; and 5) as a result of her earnings of $338.54 in December 1982, Conley's eligibility for disability insurance benefits had terminated that month. Conley requested the Appeals Council to review the ALJ's determination that her benefits should have terminated in December 1982. The Appeals Council denied her request, thereby making the ALJ's determination the final decision of the Secretary.

On August 28, 1985, Conley commenced this action pursuant to 42 U.S.C. § 405(g) for review only of the portion of the Secretary's final decision that found that Conley's disability insurance benefits terminated in December 1982. Conley does not contest the Secretary's determination that she had performed substantial gainful activity during her reentitlement period from December 1980 through February 1982. Specifically, Conley alleges that: 1) The Secretary was required by his own regulations defining substantial gainful activity, as set forth at 20 C.F.R. §§ 404.1571–.1576, to average her income over a period of months, rather than look at a single month's earnings, in determining whether she had performed substantial gainful activity; and 2) the Secretary erred in applying 20 C.F.R. § 404.1592a,[3] which governs

---

**3.** 20 C.F.R. § 404.1592a(a) (1988) provides:

The reentitlement period is an additional period after 9 months of trial work during

which you may continue to test your ability to work if you have a disabling impairment. You will not be paid benefits for any month,

the reentitlement period, because § 404.1592a was not promulgated until 1984—almost two years after the work activity at issue. The Secretary contends that his final decision was correct because the language of the statute, 42 U.S.C. § 423(a)(1), requires him to terminate benefits in "the first month" following the reentitlement period in which Conley engages in substantial gainful activity, and that he also was entitled to apply § 404.1592a retroactively. The Secretary also asserts that §§ 404.1571–.1576 apply only to initial determinations of disability.

In November 1987, the district court found that the Secretary properly had applied 20 C.F.R. § 404.1592a in determining whether Conley had engaged in substantial gainful activity in December 1982 and dismissed her complaint. Thereafter, Conley unsuccessfully moved to vacate and modify the judgment, pursuant to Fed.R.Civ.P. 59(e). On appeal, the parties raise substantially the same arguments urged upon the district court. Because we find that 20 C.F.R. § 404.1592(a), applied by the Secretary and the district court, does not govern the work period at issue, we reverse the judgment of the district court with directions to remand for further proceedings before the ALJ.

## DISCUSSION

It is well-settled that "the starting point for interpreting a statute is the language of the statute itself," *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). The Secretary contends that the language of 42 U.S.C. § 423(a) permits the Secretary to terminate benefits upon the "first month" of substantial gainful activity following the reentitlement period. We agree. At all times relevant here, 42 U.S.C. § 423(a)(1) provided, in

pertinent part: "[T]he termination month for any individual shall be ... in no event earlier than the *first month* occurring after the 15 months following [the] period of trial work in which he engages or is determined able to engage in substantial gainful activity," (emphasis added). Thus, the statute itself permits the termination of benefits on the first month after the reentitlement period in which a recipient engages in substantial gainful activity. The term "substantial gainful activity," however, is nowhere defined in the Act. In fact, the Act requires the Secretary to prescribe by regulation "the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity," *id.* § 423(d)(4). Therefore, we cannot ascertain, from the language of the statute alone, what constitutes the first month of "substantial gainful activity," and must turn to the Secretary's regulations that define that term.

The Secretary has defined "substantial gainful activity" at 20 C.F.R. §§ 404.-1571–.1576. "Substantial gainful activity" is "work activity that is both substantial and gainful," 20 C.F.R. § 404.1572, and § 404.1574 sets forth evaluation guides to "decide whether [an individual] ha[s] done substantial gainful activity." Section 404.-1574(b) provides that if an individual demonstrates that his "earnings averaged more than $300 a month in calendar years after 1979," *id.* § 1574(b)(2)(vi), he "will ordinarily show" that he has "engaged in substantial gainful activity," *id.* § 1574(b)(2) (emphasis omitted), and if he demonstrates that his "earnings averaged less than $190 a month in calendar years after 1979," *id.* § 1574(b)(3)(vi), he "will ordinarily show" that he has "not engaged in substantial gainful activity," *id.* § 1574(b)(3) (emphasis omitted). If the individual earns more than $190 and less than $300 for

after the third month, in this period in which you do substantial gainful activity and you will be paid benefits for months in which you do not do substantial gainful activity. (See §§ 404.316, 404.337, 404.352 and 404.401a.) If your benefits are stopped because you do substantial gainful activity they may be started again without a new application and a new

determination of disability if you discontinue doing substantial gainful activity during this period. In determining, for reentitlement benefit purposes, whether you do substantial gainful activity in a month, we consider only your work in or earnings for that month; we do not consider the average amount of your work or earnings over a period of months.

calendar years after 1979, the Secretary will consider other factors, such as whether the individual's work is "comparable to that of unimpaired people in [the] community," *id.* § 404.1574(b)(6).

Although the language of § 404.1574 evaluates substantial gainful activity in terms of an average of earnings, the Secretary asserts that 20 C.F.R. § 404.1592a permits him to make a determination of substantial gainful activity based on a single month's earnings, rather than an average of earnings over a period of months. The Secretary points to the following language:

> In determining, for reentitlement benefit purposes, whether you do substantial gainful activity in a month, we consider only your work in or earnings for that month; we do not consider the average amount of your work or earnings over a period of months.

20 C.F.R. § 404.1592a(a).

We conclude, however, that § 404.1592a does not govern the period of work activity at issue here. The Secretary acknowledges, and Conley does not dispute, that "December 1982," the work period at issue, "was *after* the extended period of eligibility [*i.e.*, reentitlement period] regardless of how it was calculated," Brief of Appellee at 11 n. 5 (emphasis added). Yet, a straightforward reading of § 404.1592a reveals that this regulation applies only to eligibility for, and method of calculation of, benefits during the reentitlement period. Section 404.1592a is entitled, "The reentitlement period." Subparagraph (b) defines when the reentitlement period begins and ends. Subparagraph (a) sets forth when benefits will be paid during the reentitlement period, and subparagraph (c) defines when persons are not entitled to a reentitlement period. Even the specific language relied upon by the Secretary is limited to determinations of substantial gainful activity made *"for reentitlement benefit purposes."* Thus, we hold that § 404.1592a is limited in scope to the duration of the reen-

titlement period, and that it finds no application here.[4]

The only other regulations that define "substantial gainful activity" are set forth at 20 C.F.R. §§ 404.1571–.1576, entitled "Substantial Gainful Activity." While the Secretary contends that these regulations are applicable only to initial determinations of disability, there is nothing in the language of these regulations that limits the definition of, and criteria for determining, "substantial gainful activity" to initial determinations of disability.

Finally, we note that the Secretary has promulgated regulations, entitled "Continuing or Stopping Disability," *see* 20 C.F.R. §§ 404.1588–.1599, one of which provides that a disability ends in "[t]he month in which you demonstrated your ability to engage in substantial gainful activity," *id.* § 404.1594(g)(3). This avenue of inquiry, however, takes us no further than the language of the statute in defining "substantial gainful activity," for none of the regulations set forth at §§ 404.1588–.1599 define that term for purposes of determining when a disability has ended. Accordingly, we reverse with directions to remand for further proceedings before the ALJ consistent with this opinion.

## CONCLUSION

Based on the foregoing, we reverse with directions to remand for further proceedings before the ALJ.

---

**4.** In light of our conclusion that 20 C.F.R. § 404.1592a cannot apply to Conley's work activity in December 1982 because that month falls outside the scope of regulation, we need not reach the issue whether § 404.1592a operates retroactively.